UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| WILLIAM ALLEN SMITH, | ) | Case No. 2:10-CV-00359 JAM-JFM |
| | ) | |
| Plaintiff, | ) | ORDER GRANTING IN PART AND |
| | ) | DENYING IN PART DEFENDANT |
| v. | ) | PNC's MOTION TO DISMISS |
| | ) | |
| NATIONAL CITY MORTGAGE, UNITED | ) | |
| LENDERS GROUP; JEFF MOORE; | ) | |
| KONDAUR CAPITAL CORPORATION; | ) | |
| DOES I through 100, inclusive, | ) | |
| | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

This matter comes before the Court on Defendant PNC Bank National Association's ("PNC") Motion to Dismiss (Doc. 16) and Motion to Strike Portions of Plaintiff's First Amended Complaint (Doc. 19). PNC asks the Court to dismiss and to strike portions the First Amended Complaint ("FAC") (Doc. 13) filed by Plaintiff William Allen Smith ("Plaintiff"). Plaintiff opposes the motions.[1]

_____

[1] This motion was determined to be suitable for decision without oral argument. E.D. Cal. L.R. 230(g).

1

1

I.   FACTUAL AND PROCEDURAL BACKGROUND

2

Plaintiff alleges that Defendants National City Mortgage,[2]

3

United Lenders Group ("United"), Jeff Moore ("Moore"), and

4

Kondaur Capital Corporation ("Kondaur") fraudulently conspired

5

to induce him into an usurious loan for their financial gain and

6

that his right to cancel the loan agreement was improperly

7

reneged by PNC.

8

In October of 2006, Plaintiff sought a construction loan to

9

finance the construction of a home located at 5 Stonefield

10

Court, Sacramento, California.  One week after being denied a

11

loan from PNC, Plaintiff was contacted by Moore, an independent

12

broker, who allegedly stated that he had been directed by PNC to

13

broker Plaintiff's loan through United.

14

Moore allegedly advised Plaintiff that he could get him the

15

best deal and the best interest rate available on the market.

16

On or about January 31, 2007, PNC approved Plaintiff for a

17

construction loan at a 30-year fixed rate of 7.825% to borrow a

18

principal sum of $880,000.00 with a monthly mortgage payment of

19

$6,350.10 per month.  Based on PNC's alleged verbal

20

authorization, Plaintiff began construction on his home.

21

Plaintiff alleges that United and Moore overstated his

22

income on the loan application without Plaintiff's knowledge or

23

consent.  Plaintiff claims he accurately stated his income as

24

$23,000.00 per month whereas Moore stated his income as

25

$33,000.00 per month.  Plaintiff avers that since Plaintiff

26

27

28

---

[2] PNC is a successor by merger to National City Bank, previously doing business as National City Mortgage.  The Court will refer to PNC instead of National City Mortgage since it is the current party in interest.

1  already gave PNC his correct income in his initial loan

2  application, PNC was aware that Moore inflated Plaintiff's

3  income in order to qualify him for the loan.

4        On February 9, 2007, the day of the loan closing, Plaintiff

5  alleges that the loan terms presented were worse than the terms

6  he had been promised.  On closing day, the loan was an

7  adjustable rate loan that included a ten year interest-only

8  provision and required twice the down payment.  Plaintiff claims

9  he felt pressured to sign the loan documents because

10 construction had already began on his house.  Plaintiff alleges

11 that he would not have signed the loan agreement except that the

12 loan documents contained a right to cancel notification citing

13 the Truth in Lending Act ("TILA").  Plaintiff claims the escrow

14 agent reassured him that the TILA notice gave him the right to

15 cancel the loan within three days of signing.  Plaintiff alleges

16 that he agreed to sign the documents based on the promise he

17 could rescind the loan.

18       Plaintiff alleges that within the three day cancellation

19 period, he exercised and delivered the loan cancellation to the

20 lender and title company.  Plaintiff was notified by

21 representatives of PNC and Moore that the construction loan

22 could not be cancelled.

23       In or around June 2008, Plaintiff sought a forbearance

24 settlement and Plaintiff was allegedly advised by a PNC

25 representative that he would be eligible for a permanent

26 modification of his loan after a three month trial payment

27 period, if Plaintiff reduced his unsecured debt.  On or about

28 July 3, 2008, PNC sent a "forbearance agreement" to Plaintiff

1    requesting payments of $2,895.00 respectively, for Plaintiff's

2    July, August, and September mortgage payments.  Plaintiff

3    alleges that at PNC's direction, he filed Chapter 7 bankruptcy

4    on July 30, 2008 to reduce his unsecured debt.  On December 15,

5    2008, Plaintiff contacted PNC and was advised by a PNC customer

6    representative that PNC had approved the loan modification and

7    that the modification paperwork was forthcoming.

8        While waiting for the loan modification confirmation,

9    Plaintiff was allegedly notified by PNC that his loan had been

10   sold to Kondaur, who would finalize the loan modification.  On

11   February 12, 2009, Plaintiff alleges he was assured by a Kondaur

12   representative that the modification began by PNC would continue

13   to be processed.  On the same day, Kondaur issued a Notice of

14   Default to Plaintiff.

15       Plaintiff brings this action alleging nine causes of action

16   for fraud, declaratory relief (T.I.L.A.), breach of fiduciary

17   duty, declaratory relief (U.C.C. and California Commercial

18   Code), accounting, violation of the Rosenthal Debt Collection

19   Act, unjust enrichment, negligence and violation of California

20   Business and Professions Code Section 17200 et. seq.

21

22                      II.   OPINION

23       A. Legal Standard

24         1. Motion to Dismiss

25       A party may move to dismiss an action for failure to state

26   a claim upon which relief can be granted pursuant to Federal

27   Rule of Civil Procedure section 12(b)(6).  In considering a

28   motion to dismiss, the court must accept the allegations in the

                                    4

complaint as true and draw all reasonable inferences in favor of the plaintiff.  Scheuer v. Rhodes, 416 U.S. 232, 236 (1975), overruled on other grounds by Davis v. Scherer, 468 U.S. 183 (1984); Cruz v. Beto, 405 U.S. 319, 322 (1972).  Assertions that are mere "legal conclusions," however, are not entitled to the assumption of truth.  Ashcroft v. Iqbal, 129 S.Ct. 1937, 1950 (2009), citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007).  To survive a motion to dismiss, a plaintiff needs to plead "enough facts to state a claim to relief that is plausible on its face." Twombly, 550 U.S. at 570.  Dismissal is appropriate where the plaintiff fails to state a claim supportable by a cognizable legal theory.  Balistreri v. Pacifica Police Department, 901 F.2d 696, 699 (9th Cir. 1990).

Upon granting a motion to dismiss for failure to state a claim, the court has discretion to allow leave to amend the complaint pursuant to Federal Rule of Civil Procedure § 15(a). "Dismissal with prejudice and without leave to amend is not appropriate unless it is clear . . . that the complaint could not be saved by amendment." Eminence Capital, L.L.C. v. Aspeon, Inc., 316 F.3d 1048, 1052 (9th Cir. 2003).

2.   Motion to Strike

Rule 12(f) provides in pertinent part that:

> The Court may order stricken from any pleading any
> insufficient defense or any redundant, immaterial,
> impertinent, or scandalous matter.  . . .  Motions to
> strike are disfavored and infrequently granted.  A
> motion to strike should not be granted unless it is
> clear that the matter to be stricken could have no
> possible bearing on the subject matter of the
> litigation.

Bassett v. Ruggles, et al., 2009 WL 2982895 at *24(E.D.

1  Cal. Sept. 14, 2009) (internal citations omitted).

2

3      B. <u>Claims for Relief</u>

4        1. <u>Fraud</u>

5      PNC argues that Plaintiff does not plead his first claim

6  for fraud with particularity.  Plaintiff responds that he pleads

7  the fraud elements with sufficient detail to satisfy Rule 9(b)'s

8  heightened pleading requirements.

9      While pleadings generally require "a short and plain

10 statement of the claim showing that the pleader is entitled to

11 relief," Fed.R.Civ.P. 8(a)(2), when fraud is alleged "a party

12 must state with particularity the circumstances constituting

13 fraud. . . ."  Fed.R.Civ.P. 9(b).

14     Rule 9(b) requires fraud claims to be "specific enough to

15 give defendants notice of the particular misconduct . . . so

16 that they can defend against the charge and not just deny that

17 they have done anything wrong." <u>Bly-Magee v. California</u>, 236

18 F.3d 1014, 1019 (9th Cir. 2001) (internal quotations omitted).

19 "Averments of fraud must be accompanied by the who, what, when,

20 where, and how of the misconduct charged." <u>Vess v. Ciba-Geigy</u>

21 <u>Corp. USA</u>, 317 F.3d 1097, 1106 (9th Cir. 2003) (internal

22 citations omitted).  While Rule 9(b) requires a heightened

23 pleading standard, it "does not require nor make legitimate the

24 pleading of detailed evidentiary matter." <u>Walling v. Beverly</u>

25 <u>Enterprises</u>, 476 F.2d 393, 397 (9th Cir. 1973).

26     To plead a cause of action for fraud, Plaintiff must show:

27 (1) a misrepresentation; (2) knowledge of falsity; (3) intent to

28 defraud; (4) justifiable reliance; and (5) resulting damage.

1  Buckland v. Threshold Enterprises, Ltd., 155 Cal.App.4th 798,

2  807 (Cal. Ct. App. 2d 2007).  PNC's main argument is that

3  Plaintiff does not properly allege the intent to defraud and the

4  justifiable reliance elements of the fraud allegation.

5       The Court finds that Plaintiff has sufficiently pled the

6  intent to defraud element by alleging that PNC "paid Moore and

7  United commissions based on their ability to make these false

8  statements and induce Plaintiff into the loan agreement."  Id.

9  at ¶ 114.  Plaintiff also alleges a scheme in which PNC's intent

10 "under the securitization process, was to trap as many

11 unsuspecting borrowers as possible . . . regardless of the

12 borrower's credit history or ability to pay, take as much of the

13 borrower's equity as possible, then sell the note to an entity

14 who could foreclose upon the note free from fraud allegations."

15 Id. at ¶ 43.

16      Furthermore, Plaintiff has properly alleged justifiable

17 reliance.  Plaintiff avers that he signed the loan documents

18 because he was given a written agreement that he had the right

19 to cancel the loan within three days and he was verbally assured

20 he could rescind within those three days.  Id. at ¶ 61-62.

21 Plaintiff also alleges that he paid his mortgage payments in

22 reliance on PNC's promises that he could receive a loan

23 modification.  Id. at ¶ 69.

24       The FAC is specific enough to put PNC on notice of the

25 charges.  Accordingly, PNC's motion to dismiss Claim 1 alleging

26 fraud is DENIED.

27      2.  Breach of Fiduciary Duty

28      PNC argues that Claim 3, alleging a breach of fiduciary

1   duty, fails to state a claim because Moore represented himself

2   to be Plaintiff's fiduciary, not PNC.  Additionally, as a matter

3   of California law, financial institutions owe no legal or

4   fiduciary duty of care to borrowers.  Plaintiff counters that

5   since PNC referred Moore to Plaintiff, the fiduciary

6   relationship that existed between Moore and Plaintiff extended

7   to PNC through agency principles and, as a matter of law, a

8   fiduciary relationship exists between a real estate loan broker

9   and a borrower.

10      "The elements of a cause of action for breach of fiduciary

11  duty are: 1) the existence of a fiduciary duty; 2) a breach of

12  the fiduciary duty; and 3) resulting damage." Pellegrini v.

13  Weiss, 165 Cal.App.4th 515, 524 (Cal. Ct. App. 6d 2008).  In the

14  lending context, "a financial institution owes no duty of care

15  to a borrower when the institution's involvement in the loan

16  transaction does not exceed the scope of its conventional role

17  as a mere lender of money." Nymark v. Heart Federal Savings &

18  Loan Ass'n, 231 Cal.App.3d 1089, 1096 (Cal. Ct. App. 3d 1991).

19      Plaintiff does not state a claim for breach of fiduciary

20  duty.  PNC was the "mere lender of money" in this case and holds

21  no fiduciary duty towards Plaintiff.  As such, without the

22  existence of a fiduciary relationship, there can be no claim for

23  relief against PNC.  Accordingly, PNC's motion to dismiss Claim

24  3 alleging a breach of fiduciary duty is GRANTED WITH PREJUDICE.

25      3.   Declaratory Relief

26      In Claim 2, Plaintiff pleads that he had the right to

27  rescind the loan based on TILA, 15 U.S.C § 1635(a), and

28  Regulation Z, 12 C.F.R. § 226.15.  In Claim 4, Plaintiff pleads

1   that PNC violated the California Commercial Code § 3301, <u>et seq</u>.

2   PNC argues that both of Plaintiff's claims fail as a matter of

3   law so there is no controversy necessitating declaratory relief.

4          "Declaratory relief is appropriate (1) when the judgment

5   will serve a useful purpose in clarifying and settling the legal

6   relations in issue, and (2) when it will terminate and afford

7   relief from the uncertainty, insecurity, and controversy giving

8   rise to the proceeding."  <u>Guerra v. Sutton</u>, 783 F.2d 1371, 1376

9   (9th Cir. 1986) (citations omitted).

10          Plaintiff's claims for declaratory relief fail as a matter

11  of law.  Claim 2 alleges that PNC violated Plaintiff's right to

12  cancel the loan as prescribed by TILA, 15 U.S.C. § 1635(a) and

13  Regulation Z, 12 C.F.R. § 226.15.  However, the recission

14  provision does not apply to "residential mortgage

15  transaction[s]."  15 U.S.C. 1635(e); 12 C.F.R. § 226.15(f).  A

16  residential mortgage transaction is "a transaction in which a

17  mortgage . . . is created . . . to finance the acquisition or

18  *initial construction* of such dwelling."  15 U.S.C. § 1602(w)

19  (emphasis added).  Here, Plaintiff alleges that the loan was a

20  construction loan to finance the construction of a home for his

21  family.  FAC ¶ 45.  Therefore, TILA's recission provision does

22  not apply to this loan as a matter of law.

23

24          Similarly, the Court cannot issue a declaratory judgment under

25  Claim 4.  Plaintiff seeks a declaratory judgment stating that PNC

26  and the other defendants did not follow the legal requirements of

27  the California Commercial Code § 3301, <u>et seq</u>. to produce a proper

28  promissory note with which to foreclose the property.  However,

1  nonjudicial foreclosures are not governed by California Commercial

2  Code § 3301.  <u>Singh v. America's Servicing Co.</u>, No. 2:10-CV-0836,

3  2010 WL 3853325, at *2 (E.D.Cal. Sept. 30, 2010).  Nonjudicial

4  foreclosures are governed by California Civil Code § 2924 which

5  does not require possession of a promissory note to initiate

6  foreclosure proceedings.  <u>Pok v. American Home Mortgage Servicing,

7  Inc.</u>, No. 2:09-2385, 2010 WL 476674, at *7 (E.D. Cal. Feb. 3,

8  2010).  Therefore, because Claim 4 is premised upon the alleged

9  violation of an inapplicable Commercial Code provision, there is no

10  actual controversy and the Court cannot issue declaratory relief.

11  Accordingly, PNC's motion to dismiss Claim 2 and Claim 4 is GRANTED

12  WITH PREJUDICE.

13      4.  <u>Accounting</u>

14      PNC argues that with respect to Claim 5, Plaintiff fails to

15  state a cause of action for an accounting because there is no

16  fiduciary duty between PNC and Plaintiff and because Plaintiff does

17  not allege that he is confused about who he owes or that any funds

18  are owed to him.  Plaintiff alleges that there is a fiduciary

19  relationship between PNC and Plaintiff and an agency relationship

20  between PNC and the other defendants.  Plaintiff also alleges that

21  because the loan was modified and sold to a third party and there

22  are various parties contesting the amount of the note, he needs an

23  accounting.

24      Under California law, "a fiduciary relationship between the

25  parties is not required to state a cause of action for accounting.

26  All that is required is that some relationship exists that requires

27  an accounting".  <u>Teselle v. McLoughlin</u>, 173 Cal.App.4th 156, 179

28  (Cal. Ct. App. 3d 2009).

1
2
3
4
5

> An action for an accounting is equitable in nature.
> It may be brought to compel the defendant to account
> to the plaintiff for money or property, (1) where a
> fiduciary relationship exists between the parties, or
> (2) where, even though no fiduciary relationship
> exists, the accounts are so complicated that an
> ordinary legal action demanding a fixed sum is
> impracticable.

6  Quinteros v. Aurora Loan Services, No. CIV-F-09-2200, 2010

7  WL 3817541, at * 5 (E.D.Cal. Sept. 30, 2010).

8        Accounts that are complicated enough to warrant an

9  accounting generally involve a dispute where the plaintiff

10  claims the defendant owes him money.  See Union Bank v.

11  Superior Court, 31 Cal.App.4th 573, 593-94 (Cal. Ct. App.

12  2d 1995) (dismissing the accounting claims since the

13  defendant owed no money to plaintiffs and did not deprive

14  them of any monies).

15        As this Court found, supra, there is no fiduciary

16  relationship between PNC and Plaintiff.  Additionally, the

17  amounts at issue are monies Plaintiff owes to PNC under the

18  mortgage.  "Plaintiffs, as the party owing money, not the party

19  owed money, has no right to seek an accounting."  Hernandez v.

20  First American Loanstar Trustee Services, No. 10cv00119, 2010 WL

21  1445192 *5 (S.D. Cal. Apr. 12, 2010).  Plaintiff argues that he

22  needs an accounting because there are multiple parties connected

23  to his note and that the parties are contesting the amount

24  Plaintiff owes.  These allegations are not sufficient to merit

25  an accounting.  "A suit for an accounting will not lie where it

26  appears from the complaint that none is necessary. . . ."  St.

27  James Church of Christ Holiness v. Superior Court In and For Los

28  Angeles County, 135 Cal.App.2d 352, 359 (Cal. Ct. App. 2d 1955).

1    Accordingly, PNC's motion to dismiss Claim 5 is GRANTED WITH

2    PREJUDICE.

3         5.   Unjust Enrichment

4         PNC argues that Claim 7, alleging unjust enrichment, is

5    flawed because the allegations are vague, conclusory and fail to

6    reflect any facts showing that PNC was unjustly enriched.

7    Plaintiff has not responded to this argument, and a review of

8    this claim reveals that it lacks factual detail.  A plaintiff

9    must allege sufficient factual detail to support violations of

10   the elements of the alleged causes of action.  Ashcroft v.

11   Iqbal, 129 S.Ct. 1937, 1950 (2009).  The FAC alleges, in a

12   conclusory manner, the elements for unjust enrichment but does

13   not provide any supporting facts alleging how any of the

14   commissions and fees PNC received by selling the loan to Kandaur

15   constitutes unjust enrichment.  Accordingly, PNC's motion to

16   dismiss the unjust enrichment claim is GRANTED WITH LEAVE TO

17   AMEND.

18        6.   Negligence

19        PNC argues that Claim 8 fails to state a claim against PNC for

20   negligence.  Plaintiff's reply clarifies that he is not alleging a

21   claim for negligence against PNC.  Accordingly, PNC's motion to

22   dismiss Claim 8 is GRANTED WITH PREJUDICE.

23        7.   Business and Professions Code § 17200

24        PNC argues that Plaintiff does not state a claim under

25   California Business and Professions Code ("UCL") § 17200 because he

26   fails to sufficiently plead any unlawful conduct by PNC, he fails

27   to plead any fraudulent conduct by PNC, and he fails to plead

28   damages capable of restitution.

                                    12

1   Section 17200 prohibits any "unlawful, unfair or fraudulent
2   business act or practice."  Cal. Bus. & Prof. Code § 17200.  An
3   action based on this statute "borrows violations of other laws and
4   treats these violations, when committed pursuant to business
5   activity, as unlawful practices independently actionable under
6   § 17200 and subject to the distinct remedies provided thereunder."
7   Farmers Insurance Exchange v. Superior Court, 2 Cal. 4th 377, 383
8   (Cal. 1992) (internal quotations omitted).  Therefore, a cause of
9   action under this section must be based on some predicate act
10  involving a violation of some other statue.  Cal-Tech
11  Communications v. L.A. Cellular Telephone Co., 20 Cal. 4th 163, 180
12  (Cal. 1999).

13       Here, Plaintiff alleges that PNC violated several laws:
14  (1) Plaintiff alleges PNC violated the California Commercial Code
15  § 3301 et seq. for improper procedures surrounding the mortgage
16  note; (2) breach of fiduciary duty; (3) negligence for breaching
17  its fiduciary duty; (4) fraud for approving Plaintiff's loan; and
18  (5) fraud and a violation of predatory lending laws when it
19  allegedly ordered and authorized Moore's conduct.  As discussed,
20  supra, Plaintiff does not have a claim for a violation of § 3301
21  since this is a nonjudicial foreclosure and PNC does not owe
22  Plaintiff a fiduciary duty.  Thus, only the fraud claims are
23  potentially actionable under the UCL.

24       As with allegations of fraud, "a plaintiff alleging unfair
25  business practices under these statutes must state with reasonable
26  particularity the facts supporting the statutory elements of the
27  violation."  Quintero Family Trust v. OneWest Bank, F.S.B., No. 09-
28  CV-1561, 2010 WL 2618729, at * 12 (S.D. Cal. June 25, 2010).  As

1    discussed, <u>supra</u>, Plaintiff adequately pled the fraud allegations.

2        Plaintiff has not, however, alleged an injury in fact, a

3    necessary element for a § 17200 claim.  Plaintiff alleges that as a

4    result of PNC's business practices, he was required to pay usurious

5    loan payments and he now suffers from a negative credit rating due

6    to petitioning for Chapter 7 bankruptcy, allegedly at PNC's

7    direction.

8        "A plaintiff suffers an injury in fact for purposes of

9    standing under the UCL when he or she has: (1) expended money due

10   to the defendant's acts of unfair competition; (2) lost money or

11   property; or (3) been denied money to which he or she has a

12   cognizable claim."  <u>Marilao v. McDonald's Corp.</u>, 632 F.Supp. 2d

13   1008, 1012 (S.D. Cal. 2009) (internal citations omitted).  "This

14   statutory limitation requires that a plaintiff show he has suffered

15   losses capable of restitution."  <u>Small v. Mortgage Electronic</u>

16   <u>Registration Systems, Inc.</u>, Nos. 2:09-cv-0458 & 2:10-cv-0342, 2010

17   WL 3719314, at *12 (E.D. Cal. Sept. 16, 2010) (internal citations

18   omitted).  "Ordinarily when we say someone has 'lost' money we mean

19   that he has parted, deliberately or otherwise, with some

20   identifiable sum formerly belonging to him or subject to his

21   control; it has passed out of his hands by some means, such as

22   being spent or mislaid."  <u>Silvaco Data Systems v. Intel Corp.</u>, 184

23   Cal.App.4th 210, 244 (Cal. Ct. App. 6d 2010).

24       The mortgage payments are not subject to restitutionary

25   damages.  Plaintiff made his mortgage payments pursuant to his

26   contractual obligations and in accordance with the terms and

27   conditions of the loan, which he knew and understood at the time of

28   closing.  Likewise, the negative credit rating due to filing for

14

1  bankruptcy is not a loss capable of restitution.  A negative credit

2  rating is not an identifiable sum of money.  <u>See</u> <u>Manabat v. Sierra</u>

3  <u>Pacific Mortgage Co. Inc.</u>, No. CV F 10-1018, 2010 WL 2574161, at

4  *15 (E.D. Cal. June 25, 2010) ("UCL claim offers an insufficient,

5  bare allegation that unlawful business practices 'damaged

6  plaintiff's creditworthiness.'").  Accordingly, PNC's motion to

7  dismiss the § 17200 claim is GRANTED WITH PREJUDICE.

8      C. <u>Motion to Strike</u>

9      PNC asks the Court to strike reference to punitive or

10 exemplary damages and attorneys' fees.  A motion to strike must

11 survive a stringent standard and "should not be granted unless it

12 is absolutely clear that the matter to be stricken could have no

13 possible bearing on the litigation."  <u>Brewer v. Indymac Bank</u>, 609

14 F.Supp. 2d 1101, 1113 (E.D. Cal. 2009).

15      1.   <u>Punitive or Exemplary Damages</u>

16      PNC uses the Motion to Strike as another opportunity to

17 reargue that Plaintiff has not sufficiently alleged fraud and

18 therefore is unable to recover punitive damages.  Since the

19 Court found <u>supra</u> that Plaintiff properly alleged the fraud

20 claim and since Plaintiff could possibly recover punitive

21 damages if he proves that PNC engaged in "oppression, fraud, and

22 malice," California Civil Code § 3294, Plaintiff's request for

23 punitive damages could bear on the litigation.  Accordingly,

24 PNC's motion to strike Plaintiff's request for punitive damages

25 is DENIED.

26      2.   <u>Attorneys' Fees</u>

27      PNC argues that Plaintiff cannot recuperate attorneys' fees

28 because Plaintiff does not allege a breach of the loan contract.

15

1   PNC reasons that even though the loan contract has an attorneys'

2   fees provision, Plaintiff is not trying to enforce that contract so

3   he is not entitled to attorneys' fees.  PNC also argues that

4   attorneys' fees are not available under the UCL.  Plaintiff

5   counters that attorneys' fees can be recovered as costs of suit

6   when there is an express provision in the contract that provides

7   for recovery of fees, and the parties to the litigation are parties

8   to the contract containing the attorneys' fees provision.

9   Plaintiff also argues that the UCL provides attorney's fees.

10       California Code of Civil Procedure § 1033.5(a)(10)(A) permits

11   recovery of attorney fees "when authorized by . . . Contract."

12   California Civil Code § 1717(a) addresses recovery of attorney fees

13   in contract actions and provides:

14       In any action on a contract, where the contract
         specifically provides that attorney's fees and costs,
15       which are incurred to enforce that contract, shall be
         awarded either to one of parties or to the prevailing
16       party, then the party who is determined to be the party
         prevailing on the contract . . . shall be entitled to
17       reasonable attorney's fees in addition to other costs.

18       Even though Plaintiff is not directly alleging a breach of

19   contract, he alleges fraud which could ultimately undermine the

20   validity of the contract.  "[A]n obligation to pay attorney fees

21   incurred in the enforcement of a contract 'includes attorneys' fees

22   incurred in defending against a challenge to the underlying

23   validity of the obligation.'"  <u>Siligo v. Castellucci</u>, 21

24   Cal.App.4th 873, 878 (Cal. Ct. App. 6d 1994) (internal citations

25   omitted).  Since the Eastern District of California has awarded

26   attorneys' fees to defendants who must litigate to maintain their

27   property rights in a promissory note, so might this Court award

28   attorneys' fees to Plaintiff if he can successfully prove that the

                                    16

1 note is tainted by fraud.  See Whittle v. Wells Fargo Bank, N.A.,

2 No. CV F 10-0029, 2010 WL 1444675, at * 3 (E.D. Cal. Apr. 12,

3 2010).

4     As to the UCL claim for attorneys' fees, the Court decided

5 supra to dismiss Plaintiff's TILA claim.  Thus, he is not entitled

6 to attorneys' fees under the UCL.  Accordingly, PNC's motion to

7 strike Plaintiff's request for attorneys' fees is DENIED.

8

9                         III. ORDER

10     For the reasons set forth above,

11     PNC's motion to dismiss Claim 1 alleging fraud claim is

12 DENIED.

13     PNC's motion to dismiss Claim 2 requesting declaratory relief

14 is GRANTED WITH PREJUDICE.

15     PNC's motion to dismiss Claim 3 alleging a breach of

16 fiduciary duty is GRANTED WITH PREJUDICE.

17     PNC's motion to dismiss Claim 4 requesting declaratory

18 relief is GRANTED WITH PREJUDICE.

19     PNC's motion to dismiss Claim 5 requesting an accounting is

20 GRANTED WITH PREJUDICE.

21     PNC's motion to dismiss Claim 7 alleging unjust enrichment

22 claim is GRANTED WITH LEAVE TO AMEND.

23     PNC's motion to dismiss Claim 8 alleging negligence is

24 GRANTED WITH PREJUDICE.

25     PNC's motion to dismiss Claim 9 alleging a violation of

26 § 17200 is GRANTED WITH PREJUDICE.

27     PNC's motion to strike reference to punitive damages is

28 DENIED.

1        PNC's motion to strike reference to attorneys' fees is

2   DENIED.

3        Plaintiff shall file his amended complaint within twenty

4   (20) days of the date of this Order.

5        IT IS SO ORDERED.

6   Dated: December 29, 2010                _____
                                            JOHN A. MENDEZ,
7                                           UNITED STATES DISTRICT JUDGE