UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| WILLIAM ALLEN SMITH, an individual,<br><br>　　　　　　　Plaintiff,<br><br>　　v.<br><br>NATIONAL CITY MORTGAGE, a business entity; UNITED LENDERS GROUP, a business entity; JEFF MOORE, an individual; KONDAUR CAPITAL CORPORATION, a business entity; and DOES I through 100, inclusive,<br><br>　　　　　　　Defendants. | Case No. 2:10-CV-00359 JAM-JFM<br><br>ORDER GRANTING DEFENDANT PNC's MOTION TO DISMISS THE SECOND, THIRD, SIXTH, AND EIGTH CLAIMS IN PLAINTIFF'S SECOND AMENDED COMPLAINT |

　　　This matter comes before the Court on Defendant PNC Bank, National Association's ("PNC") Motion to Dismiss (Doc. #34) the second, third, sixth, and eighth claims in the Second Amended Complaint ("SAC," Doc. #33) filed by Plaintiff William Allen Smith ("Plaintiff").  Plaintiff opposes the motion.[1]

///

---

[1] This motion was determined to be suitable for decision without oral argument.  E.D. Cal. L.R. 230(g).  The hearing was scheduled for April 20, 2011.

1

I.   FACTUAL AND PROCEDURAL BACKGROUND

Plaintiff alleges that Defendants National City Mortgage,[2] United Lenders Group ("United"), Jeff Moore ("Moore"), and Kondaur Capital Corporation ("Kondaur") fraudulently conspired to induce him into an usurious loan for their financial gain and that his right to cancel the loan agreement was improperly reneged by PNC.

Plaintiff filed his Complaint (Doc. #1) on February 11, 2010 and PNC filed a Motion to Dismiss on May 7, 2010 (Doc. #5). Plaintiff then submitted an untimely First Amended Complaint ("FAC," Doc. #13) on July 26, 2010, which the Court allowed to be the operative pleading.  PNC filed a Motion to Dismiss the FAC on August 9, 2010 (Doc. #16).  On December 30, 2010, the Court issued an Order Granting in Part and Denying in Part PNC's Motion to Dismiss and Motion to Strike Portions of the FAC ("Order," Doc. #32).  The Court denied PNC's Motion to Dismiss Claim 1, alleging fraud; gave Plaintiff leave to amend Claim 7, alleging unjust enrichment; and granted PNC's Motion to Dismiss all other claims with prejudice.

In the SAC, Plaintiff alleges eight causes of action: (1) Fraud; (2) Breach of Contract; (3) Breach of Covenant of Good Faith and Fair Dealing; (4) Breach of Fiduciary Duty; (5) Negligence; (6) Unjust Enrichment; (7) Accounting; and (8) Violation of Business and Professions Code § 17200.  PNC moves to dismiss Claims 2, 3, 6, and 8.

---

[2] PNC is a successor by merger to National City Bank, previously doing business as National City Mortgage.  The Court will refer to PNC instead of National City Mortgage since it is the current party in interest.

## II. OPINION

### A. Legal Standard

#### 1. Motion to Dismiss

A party may move to dismiss an action for failure to state a claim upon which relief can be granted pursuant to Federal Rules of Civil Procedure section 12(b)(6). In considering a motion to dismiss, the court must accept the allegations in the complaint as true and draw all reasonable inferences in favor of the plaintiff. Scheuer v. Rhodes, 416 U.S. 232, 236 (1975), overruled on other grounds by Davis v. Scherer, 468 U.S. 183 (1984); Cruz v. Beto, 405 U.S. 319, 322 (1972). Assertions that are mere "legal conclusions," however, are not entitled to the assumption of truth. Ashcroft v. Iqbal, 129 S.Ct. 1937, 1950 (2009), citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007). To survive a motion to dismiss, a plaintiff needs to plead "enough facts to state a claim to relief that is plausible on its face." Twombly, 550 U.S. at 570. Dismissal is appropriate where the plaintiff fails to state a claim supportable by a cognizable legal theory. Balistreri v. Pacifica Police Department, 901 F.2d 696, 699 (9th Cir. 1990).

Upon granting a motion to dismiss for failure to state a claim, the court has discretion to allow leave to amend the complaint pursuant to Federal Rules of Civil Procedure § 15(a). "Dismissal with prejudice and without leave to amend is not appropriate unless it is clear . . . that the complaint could not be saved by amendment." Eminence Capital, L.L.C. v. Aspeon, Inc., 316 F.3d 1048, 1052 (9th Cir. 2003).

B.  <u>Judicial Notice</u>

PNC requests that the Court take judicial notice of the Verified Complaint with exhibits for Fraud and Fraud in the Inducement, Negligence, Imposition of a Resulting and/or Constructive Trust and Request for Temporary Restraining Order and/or Preliminary Injunction, filed on May 27, 2009 in Sacramento County Superior Court, Case No. 34-2009-00045029 (PNC's Req. for Judicial Notice, Exh. 1, Doc. #35-1).  PNC also requests judicial notice of the Notice of Default, Election to Sell Under Deed of Trust, Notice of Trustee's Sale, and Trustee's Deed upon sale (PNC's Req. for Judicial Notice, Exhs. 2, 3, & 4) (Doc. #35-1).  Plaintiff does not object to PNC's request.

It is appropriate to take judicial notice of court filings and other matters of public record such as pleadings in related litigation.  See <u>Reyn's Pasta Bella, LLC v. Visa USA, Inc.</u>, 442 F.3d 741, 746 n. 6 (9th Cir. 2006).  Additionally, courts may consider extrinsic evidence when "plaintiff's claim depends on the contents of a document, the defendant attaches the document to its motion to dismiss, and the parties do not dispute the authenticity of the document. . . ."  <u>Knievel v. ESPN</u>, 393 F.3d 1068, 1076 (9th Cir. 2005).  Accordingly, the Court GRANTS Defendants' request for judicial notice.

C.  <u>Claims for Relief</u>

    1.  <u>Claim 2: Breach of Contract and Claim 3: Breach of Implied Covenant of Good Faith and Fair Dealing</u>

The Court's December 30, 2010 Order granted Plaintiff leave to amend only the unjust enrichment claim.  The Court did not grant

4

Plaintiff leave to add new claims.  Plaintiff, without seeking leave of the Court, added claims in the SAC for breach of contract and breach of the implied covenant of good faith and fair dealing.

Plaintiff did not comply with the requirements of Rule 15(a). Rule 15 allows Plaintiff to amend his pleading "once as a matter of course within: (a) 21 days after serving it, or (b) if the pleading is one to which a responsive pleading is required, 21 days after service of a responsive pleading . . ." or, thereafter, "with the opposing party's written consent or the court's leave." See Fed. R. Civ. Proc. 15(a).  Plaintiff already filed an untimely FAC which the Court allowed to be the operative pleading because of problems between Plaintiff and his original counsel.  Plaintiff now attempts, for a second time, to amend the Complaint without seeking leave of the Court or receiving PNC's consent before adding these two novel claims.  This time, Plaintiff's rationale for adding claims in violation of Rule 15 is that "in granting leave to amend the unjust enrichment claim, this Court granted Plaintiff leave to allege additional facts supporting his causes of action.  Through this amending, Plaintiff discovered additional causes of action. . . ."  Opposition at 5:28-6:2 (Doc. #36).  The Court's Order did not grant leave to add novel claims. Plaintiff's argument is without merit. See Daly v. Viacom Inc., 238 F.Supp.2d 1118, 1124 (N.D. Cal. 2002) (finding that failure to seek leave of the court or consent of the defendant in adding new claim violates Rule 15).

Moreover, Plaintiff's breach of contract and breach of implied covenant of good faith and fair dealing claims have not been sufficiently pled. To state a claim for breach of contract under California law, a plaintiff "must plead and prove (1) a contract,

5

(2) plaintiff's performance or excuse for non-performance, (3) defendant's breach, and (4) damage to Plaintiff." Troyk v. Farmers Group, Inc., 171 Cal.App.4th 1305, 1352 (Cal. Ct. App.4d 2009). Plaintiff does not plead performance. By defaulting on his payments, Plaintiff has shown that he has not performed his contractual duties. Plaintiff also fails to plead damages. As the Court previously held, Plaintiff's mortgage payments and his negative credit rating are insufficient to establish damages. Order at 14:24-15:7. Furthermore, Plaintiff waived PNC's alleged breach. A party who continues to accept performance from a breaching party after knowledge of the breach can be deemed to have waived the breach. Whitney Investment Co. v. Westview Development Co., 273 Cal.App.2d 594, 603 (Cal. App. Ct. 4d 1969). By continuing to accept PNC's performance of the Note, Plaintiff affirmed the Note and Deed of Trust and waived the right to hold PNC liable for the alleged breach.

Plaintiff's breach of implied covenant of good faith argument is similarly deficient. Generally, "no cause of action for the tortious breach of the implied covenant of good faith and fair dealing can arise unless the parties are in a special relationship with fiduciary characteristics." Pension Trust Fund for Operating Engineers v. Federal Insurance Co., 307 F.3d 944, 955 (9th Cir. 2002) (internal quotations and citations omitted). California courts have specifically refused to extend the tort of breach of the covenant of good faith and fair dealing to financial institutions. Price v. Wells Fargo Bank, 213 Cal.App.3d 465, 476 (1989). Plaintiff has not alleged the existence of a "special relationship" between him and PNC to invoke the implied covenant.

Additionally, the Court already held that PNC holds no fiduciary duty towards Plaintiff.  Order at 8:20-23.  Plaintiff also fails to allege what contract forms the basis of his claim, nor does he identify the express provision which has been frustrated by Defendant's conduct.

Because Plaintiff violated Rule 15 and failed to properly state claims for breach of contract and breach of implied covenant of good faith and fair dealing, the Court GRANTS Defendant's Motion to Dismiss Claims 2 and 3 WITH PREJUDICE.

        2.   <u>Claim 6: Unjust Enrichment</u>

The Court granted Plaintiff leave to amend his unjust enrichment claim to add "supporting facts alleging how any of the commissions and fees PNC received by selling the loan to Kandaur [sic.] constitutes unjust enrichment."  Order at 12:13-15.  In the SAC, Plaintiff provides more detailed allegations to support his unjust enrichment claim.

Defendant argues that although Plaintiff amended his claim for unjust enrichment, the claim still fails.  Defendant argues that there is no merit to Plaintiff's claim that it was unjust or unfair for PNC to retain his loan payments which he was contractually obligated to make.  Moreover, even if Plaintiff had the right to rescind the loan agreement, he was contractually required to make payments on the Subject Loan unless and until he exercised the right to rescind, at which point Plaintiff would have been required to immediately restore all loan proceeds to PNC as a condition of rescission.  Thus, PNC argues, it would be inequitable to allow Plaintiff to keep the loan proceeds without repaying the loan, merely because he

was allegedly given the right to rescind.

Additionally, in its Reply brief, PNC argues that unjust enrichment is not a cause of action but a remedy.  "[F]or the most part, courts finding that California does not allow an 'unjust enrichment' cause of action have . . . found that although labeled 'unjust enrichment,' the cause[] of action could be understood as [a] claim[] for restitution."  <u>Reyes v. Wells Fargo Bank, NA</u>, No. C-10-01667, 2011 WL 30759, *18 (N.D. Cal. Jan. 03, 2011). Thus, Plaintiff's claim for unjust enrichment is essentially the same as a claim for restitution. The elements of an unjust enrichment are (1) the receipt of a benefit and (2) the unjust retention of the benefit at the expense of another.  <u>Lectrodryer v. SeoulBank</u>, 77 Cal.App.4th 723, 726 (Cal. Ct. App.2d 2000).  To state a claim for restitution, a plaintiff must plead the same elements, but he "need not establish bad faith on the part of the defendant, so long as the recipient of the funds was not entitled to the funds."  <u>Reyes</u>, 2011 WL 30739 at *18.

Here, Plaintiff's theory is that PNC retained payments to which it was not entitled and paid commissions and fees to United and Moore because it induced Plaintiff to enter into the loan agreement based on misrepresentations that caused Plaintiff to believe he could rescind the loan within three days.  Even if Plaintiff were able to prove his allegations, the Court finds that Plaintiff's restitution/unjust enrichment claim still fails because Plaintiff owed this money and was contractually obligated to repay PNC under the loan agreement. Plaintiff could not keep $880,000 in loan proceeds merely because he allegedly

8

had a right to rescind. Restitution is required only if the circumstances are such that between the two individuals it is unjust for the person receiving the benefit to retain it. <u>Lee v. U.S. Bank,</u> 2010 WL 2635777 at *11 (N.D. Cal 2010). Plaintiff has failed to allege sufficient facts demonstrating that PNC unjustly retained the loan proceeds that Plaintiff agreed to pay.  Therefore, Defendant's Motion to Dismiss Claim 6 alleging unjust enrichment is GRANTED WITH PREJUDICE.

    3.   <u>Claim 8: Business and Professions Code § 17200</u>

The Court previously dismissed with prejudice Plaintiff's claim under California Business and Professions Code § 17200 ("UCL") because he failed to plead factual allegations supporting the existence of an injury capable of restitution.  In the SAC, Plaintiff again alleges his UCL claim against all Defendants. Because the Court already dismissed this claim with prejudice, this claim cannot, as a matter of law, be pled again. Accordingly, PNC's Motion to Dismiss Claim 8 is GRANTED WITH PREJUDICE.

### III. ORDER

For the reasons set forth above,

Defendant's Motion to Dismiss the second, third, sixth, and eighth claims in the Second Amended Complaint is GRANTED WITH PREJUDICE.

IT IS SO ORDERED.

Dated: May 11, 2011

_____
JOHN A. MENDEZ,
UNITED STATES DISTRICT JUDGE