| | |
|---|---|
| 1  Brian H. Gunn (SBN 192594)<br>   Kimberly A. Paese (SBN 258594)<br>2  *kapaese@wolfewyman.com*<br>   WOLFE & WYMAN LLP<br>3  2175 N. California Blvd., Suite 645<br>   Walnut Creek, California 94596-3502<br>4  Telephone: (925) 280-0004<br>   Facsimile: (925) 280-0005 | **FILED**<br><br>JUN 1 8 2012<br><br>CLERK, U.S. DISTRICT COURT<br>EASTERN DISTRICT OF CALIFORNIA<br>BY _____<br>DEPUTY CLERK |

Attorneys for Defendant
PNC BANK, NATIONAL ASSOCIATION, AS SUCCESSOR BY MERGER TO NATIONAL CITY BANK, PREVIOUSLY DOING BUSINESS AS 'NATIONAL CITY MORTGAGE' (NAMED AS "NATIONAL CITY MORTGAGE" AND "NATIONAL CITY BANK")

Jamil L. White (Bar No. 244028)
Michael D. Maloney (Bar No. 208297)
LOUIS | WHITE
5600 H Street, Suite 100
Sacramento, California 95819
Telephone: (916) 594-7241
Facsimile: (916) 594-7247

Attorneys for Plaintiff,
WILLIAM ALLEN SMITH

### UNITED STATES DISTRICT COURT

### EASTERN DISTRICT OF CALIFORNIA - SACRAMENTO DIVISION

| | |
|---|---|
| WILLIAM ALLEN SMITH, an individual,<br><br>Plaintiff,<br><br>v.<br><br>NATIONAL CITY MORTGAGE, a business entity; UNITED LENDERS GROUP, a business entity, JEFF MOORE, an individual; KONDAUR CAPITAL CORP., a business entity and DOES 1 through 100, inclusive,<br><br>Defendants. | Case No.: 2:10-cv-00359-JAM-JFM<br><br>Honorable John A. Mendez<br><br>**JOINT STIPULATION RE HEARING ON MOTION BY PNC BANK, N.A. TO PRECLUDE EXPERT WITNESS TESTIMONY OF PLAINTIFF**<br><br>*[Filed Concurrently with [Proposed] Order Re Joint Stipulation re Hearing on Motion by PNC Bank, N.A. to Preclude Expert Witness Testimony of Plaintiff]* |

**TO ALL PARTIES HEREIN AND TO THEIR RESPECTIVE ATTORNEYS OF RECORD:**

This stipulation is made by and between plaintiff WILLIAM ALLEN SMITH (hereinafter, "Plaintiff") and defendant PNC BANK, NATIONAL ASSOCIATION, as successor by merger to National City Bank (previously doing business as "National City Mortgage") (hereinafter, "PNC Bank") (Plaintiff and PNC Bank collectively hereinafter, "Parties") by and through their respective counsel of record.

Plaintiff and PNC Bank hereby agree and stipulate as follows:

1. Pursuant to the Pre-Trial Scheduling Order of the Court, all discovery was required to be completed by June 8, 2012.

2. On May 25, 2012, PNC Bank filed a notice of motion and motion to preclude expert testimony on behalf of Plaintiff pursuant to Federal Rule of Civil Procedure 37(c)(1) and set the same for hearing on July 5, 2012 at 11:00 a.m. before the Honorable John F. Moulds (hereinafter, "Subject Motion"). (*See* Docket No. 67.)

3. Rule 251 of the Local Rules of the United States District Court for the Eastern District of California requires the Parties to submit a joint statement re discovery disagreement.

4. The Parties have prepared a joint statement re discovery disagreement as it relates to the Subject Motion (hereinafter, "Joint Statement") and attach a copy of the Joint Statement hereto as **Exhibit 1**.

5. The Parties hereby stipulate to the filing the Joint Statement within five (5) days from the entry of the order granting the instant stipulation.

6. The Parties further hereby stipulate to the hearing on the Subject Motion to occur as noticed, *i.e.*, on July 5, 2012 at 11:00 a.m. before the Honorable John F. Moulds.

7. As the foregoing agreed upon dates fall after the Court ordered discovery cut-off (*i.e.*, June 8, 2012), by this stipulation the Parties seek leave and approval of the Court.

8. The parties have worked together, and are continuing to work together, in a cooperative manner in conducting and concluding discovery in this matter.

9. Trial will not commence until November 5, 2012.

///

10. Granting the instant stipulation will not cause any undue prejudice or delay to the parties nor, upon information and belief, the Court.

11. The Parties believe that the interests of judicial economy and the interests of justice will best be served by approving the foregoing stipulation.

DATED:                                                WOLFE & WYMAN LLP


By: /s/ Kimberly Paese
    BRIAN H. GUNN
    KIMBERLY A. PAESE
    **Attorneys for Defendant**
    **PNC BANK, NATIONAL ASSOCIATION, AS SUCCESSOR BY MERGER TO NATIONAL CITY BANK, PREVIOUSLY DOING BUSINESS AS 'NATIONAL CITY MORTGAGE' (NAMED AS "NATIONAL CITY MORTGAGE" AND "NATIONAL CITY BANK")**

DATED:                                                LOUIS | WHITE


By: /s/ Michael Maloney
    JAMIL L. WHITE
    MICHAEL MALONEY
    **Attorneys for Plaintiff**
    **WILLIAM ALLEN SMITH**



Exhibit "1"

1 | Brian H. Gunn (SBN 192594)
Kimberly A. Paese (SBN 258594)
2 | kapaese@wolfewyman.com
WOLFE & WYMAN LLP
3 | 2175 N. California Blvd., Suite 645
Walnut Creek, California 94596-3502
4 | Telephone: (925) 280-0004
Facsimile: (925) 280-0005
5
Attorneys for Defendant
6 | PNC BANK, NATIONAL ASSOCIATION, AS SUCCESSOR BY
MERGER TO NATIONAL CITY BANK, PREVIOUSLY DOING
7 | BUSINESS AS "NATIONAL CITY MORTGAGE"

8 | Jamil L. White (Bar No. 244028)
Michael D. Maloney (Bar No. 208297)
9 | LOUIS | WHITE
5600 H Street, Suite 100
10 | Sacramento, California 95819
Telephone: (916) 594-7241
11 | Facsimile: (916) 594-7247

12 | Attorneys for Plaintiff,
WILLIAM ALLEN SMITH
13

14 | UNITED STATES DISTRICT COURT

15 | EASTERN DISTRICT OF CALIFORNIA - SACRAMENTO DIVISION

16 | WILLIAM ALLEN SMITH, an individual,        Case No.: 2:10-cv-00359-JAM-JFM

17 | Plaintiff,                                  Honorable John F. Moulds

18 | v.                                          **JOINT STATEMENT RE DISCOVERY
                                                DISAGREEMENT RE UNTIMELY
19 | NATIONAL CITY MORTGAGE, a business         EXPERT DISCLOSURE BY PLAINTIFF**
entity; UNITED LENDERS GROUP, a business
20 | entity, JEFF MOORE, an individual; KONDAUR  Date: July 5, 2012
CAPITAL CORP., a business entity and DOES 1   Time: 11:00 a.m.
21 | through 100, inclusive,                    Place: 8th Floor

22 | Defendants.                                [Local Rules of the United States District Court
                                                for the Eastern District of California, Rule 251]
23

JOINT STATEMENT RE DISCOVERY DISAGREEMENT RE UNTIMELY EXPERT DISCLOSURE BY PLAINTIFF

1094299.1

On May 25, 2012, Defendant PNC BANK, NATIONAL ASSOCIATION, AS SUCCESSOR BY MERGER TO NATIONAL CITY BANK, PREVIOUSLY DOING BUSINESS AS "NATIONAL CITY MORTGAGE" (hereinafter, "PNC Bank") noticed a motion to preclude expert testimony on behalf of Plaintiff pursuant to Federal Rule of Civil Procedure 37(c)(1) for hearing on July 5, 2012 at 11:00 a.m. before the Honorable John F. Moulds. (*See* Docket No. 67.)

Pursuant to Local Rules of the United States District Court for the Eastern District of California, Rule 251 (hereinafter, "Local Rule 251"), PNC Bank and Plaintiff WILLIAM ALLEN SMITH (hereinafter, Plaintiff") submit the following Joint Statement re Discovery Disagreement as it relates to the pending motion to preclude.

As set forth in more detail herein, PNC Bank moves the Court for an order excluding any expert testimony by Plaintiff because he failed to duly disclose his expert witnesses in compliance with Federal Rule of Civil Procedure Rule 26(a)(2) (hereinafter, "Rule 26(a)(2)") without substantial justification and to the prejudice of PNC Bank. Plaintiff does not dispute failing to produce the expert witness reports required by Rule 26(a)(2)(B).

## A. Details of the Conference (Local Rule 251(c)(1))

### 1. Statement by PNC Bank

Counsel for PNC Bank has attempted to informally resolve this discovery dispute through a telephone conference. On May 24, 2012, counsel for PNC Bank contacted counsel for Plaintiff regarding the intention of PNC Bank to move for an order excluding the proffered disclosure of expert witnesses served on May 10, 2012. Counsel for Plaintiff acknowledged that the proffered disclosure of expert witnesses did not contain the written reports required by Rule 26(a)(2)(B). Counsel for Plaintiff stated that, as of the date of the telephone conference, none of the proffered expert witnesses had prepared a report pursuant to Rule 26(a)(2)(B). Counsel for Plaintiff did not offer any explanation or justification for the failure except that they had not been prepared.

### 2. Statement by Plaintiff

On May 24, 2012, counsel for PNC Bank did contact counsel for Plaintiff regarding the issues surrounding the disclosure of expert witnesses in this matter. However, the nature of the discussion cannot be deemed an attempt to informally resolve this discovery dispute. Counsel for

1

JOINT STATEMENT RE DISCOVERY DISAGREEMENT RE UNTIMELY EXPERT DISCLOSURE BY PLAINTIFF

1094299.1

1 Plaintiff did acknowledged that timely served disclosure of expert witness did not contain the
2 expert's reports as required by Rule 26(a)(2)(b) due to counsel's error. Further counsel stated that
3 such reports would be forthcoming (prior to any proposed motion on this issue) and that PNC Bank
4 had not been prejudiced by the failure of the report as trial in this matter is not scheduled until
5 November 5, 2012. Counsel for PNC bank stated that it was moving ahead with the motion to
6 exclude experts.

### B. Nature of the Action And Pertinent Factual Disputes Relative to the Discovery Disagreement (Local Rule 251(c)(2))

#### 1. Statement by PNC Bank

This action arises from a dispute arising during origination of a construction loan funded by the predecessor entity of PNC Bank, National City Mortgage. The only operative claim is for fraud. Plaintiff claims that he executed the loan documents because he had already authorized construction to begin and because "a right to cancel notification citing the Truth in Lending Act" had been placed "within the stack of documents." (*See* FAC, ¶ 7, 61; SAC ¶¶ 47-48.) It appears Plaintiff has attempted to disclose expert witnesses to testify as to standards of care in lending and loan origination as well as to credit scoring and the appraisal of the subject property.

On June 30, 2011, the Court issued a "STATUS (Pre-trial Scheduling) ORDER" (hereinafter, "Pretrial Scheduling Order). (*See* Docket No. 46.) Among other deadlines, pursuant to this order, the parties were required to make expert disclosures pursuant to Rule 26(a)(2) by April 13, 2012 and supplemental expert disclosures pursuant to Rule 26(a)(2)(c) by April 27, 2012. (*Id.*) On April 13, 2012, the parties stipulated to extend the time for disclosure thirty (30) days. (*See* Docket No. 57.) On April 16, 2012, the Court granted the stipulation and entered an order which required the parties to make initial expert disclosures pursuant to Rule 26(a)(2) by May 14, 2012 and supplemental disclosures pursuant to Rule 26(a)(2)(c) by May 28, 2012. (*See* Docket No. 59.)

Plaintiff filed two documents in a purported attempt to disclose his expert witnesses. The first document entitled "Plaintiff's Disclosure of Expert Witnesses" was served on May 10, 2012 (hereinafter, "Disclosure"). The Disclosure indicated Plaintiff was undertaking to designate three individuals, "1. Doug Minor...2. David Pereira...[and] 3. Jessica Dutra...", as expert witnesses on

his behalf. The Disclosure did not contain any information except for the names and addresses of these individuals. Plaintiff also served a declaration of his counsel entitled "Declaration of Michael D. Maloney in support of Plaintiff's Disclosure of Expert Witnesses" (hereinafter, "Supporting Declaration"). The Supporting Declaration declared Plaintiff intended to designate three individuals as expert witnesses: Doug Minor, David Pereira, and Barry Cleverdon. The Supporting Declaration included the curriculum vitae for Mr. Pereira and Mr. Cleverdon as exhibits, but not for Mr. Minor. The Supporting Declaration does not mention Ms. Dutra. The Supporting Declaration does not contain the written report required by Rule 26(a)(2)(B) for any witness—Mr. Minor, Mr. Pereira, Ms. Dutra, or Mr. Cleverdon.

### 2. Statement by Plaintiff

As stated herein, the failure to provide expert reports as required will be rectified prior to the hearing on any motion on the issue. As to the actual experts retained, Barry Cleverdon and Jessica Dutra have been withdrawn as experts leaving only David Pereira and Doug Minor as expert witnesses for Plaintiff.

## C. Contentions of the Parties and Supporting Arguments

### 1. Statement by PNC Bank

Rule 26(a)(2)(B) states:

> (B) Written Report. Unless otherwise stipulated or ordered by the court, this disclosure must be accompanied by a written report — prepared and signed by the witness — if the witness is one retained or specially employed to provide expert testimony in the case or one whose duties as the party's employee regularly involve giving expert testimony. The report must contain:
>
> (i) a complete statement of all opinions the witness will express and the basis and reasons for them;
> (ii) the data or other information considered by the witness in forming them;
> (iii) any exhibits that will be used to summarize or support them;
> (iv) the witness's qualifications, including a list of all publications authored in the previous 10 years;
> (v) a list of all other cases in which, during the previous 4 years, the witness testified as an expert at trial or by deposition; and
> (vi) a statement of the compensation to be paid for the study and testimony in the case.

(Fed. R. Civ. P. 26(a)(2)(B).) Furthermore, in the Pre-Trial Scheduling Order the Court held:

> Failure of a party to comply with the disclosure schedule as set forth above in all likelihood will preclude that party from calling the expert witness at the time of trial absent a showing that the necessity for the witness could not have been reasonably anticipated at the time the disclosures were ordered and that the failure to make timely disclosure did not prejudice any other party.

(*See* Docket No. 46.)

As set forth in the preceding section, on May 10, 2012, Plaintiff attempted to disclose up to four experts within the time period set for initial expert disclosures; however, conflicts between the Disclosure and the Supporting Declaration render the disclosure unclear in the number and identity of the retained witnesses.

Furthermore, he failed to include (or subsequently produce) the mandatory written report required by Rule 26(a)(2)(B) prepared by any individual proffered as an expert witness. Thus, Plaintiff failed to comply with Rule 26(a)(2) and he should be precluded from introducing the testimony of any expert witness at trial. (*See e.g., Smith v. Union Pacific R. Co.*, 168 F.R.D. 626, 629 (N.D. Ill. 1996) [Expert's testimony barred because disclosure late and inadequate expert report]; *Design Strategies, Inc. v. Davis*, 367 F.Supp.2d 630, 648 (S.D.N.Y. 2005) [excluding the proposed expert testimony because the expert's designation was not accompanied by the required report].)

Plaintiff has admitted he failed to clearly disclose his proffered experts and failed to produce the mandatory written reports required by the time ordered by the Court (*i.e.*, May 14, 2012). At of the date of the filing of this statement, Plaintiff still has not produced any expert reports. Plaintiff does not have any justification, let alone the required substantial justification, explaining his failure to duly comply with Rule 26(a)(2) and he will be unable to establish the same at the hearing. Plaintiff simply failed, and has failed, to commission his proffered experts to prepare the mandatory reports. This failure has substantially prejudiced PNC Bank because it is unable to: determine the identity of the proffered experts with any certainty; ascertain the opinions the proffered experts will offer at trial or what they base the same upon; evaluate the need for rebuttal experts and/or seek and retain them (let alone do so by the supplemental deadline); depose the proffered experts (and/or do so before the close of discovery) ((Fed. R. Civ. P. 26(b)(4)(A)); prepare any dispositive motion by the deadline; prepare for trial; and/or evaluate early settlement potential.

1     For all these reasons, PNC Bank requests that the purported expert disclosures of Doug Minor, David Pereira, Jessica Dutra, and Barry Cleverdon be stricken pursuant to Federal Rule of Civil Procedure Rule 37(c)(1) and that the testimony of these individuals, be excluded at trial for the failure to comply with Rule 26(a)(2) and the Pre-Trial Scheduling Order without substantial justification and to the prejudice of PNC Bank.

### 2. Statement by Plaintiff

    Plaintiff's counsel admits the failure to provide the expert reports at the time of disclosure as required. However, Defendant PNC Bank has been notified approximately six (6) months prior to the November 5, 2012 trial date of the expert witnesses Plaintiff intends to call at trial, along with the general substance of their testimony. Reports from these experts are forthcoming. Plaintiff asserts that Defendant PNC Bank has not been prejudiced by the failure to timely serve the expert reports and contends that the sanction requested by PNC Bank (the complete exclusion of expert testimony) is excessive as such testimony is imperative to support Plaintiff's case at trial. Such exclusion of expert testimony would be tantamount to a dismissal of Plaintiff's case and Plaintiff requests that this court allow him to cure this procedural defect as Defendant PNC Bank will not be prejudiced by such.



DATED: June , 2012      WOLFE & WYMAN LLP

By: /s/ Kimberly A. Paese
    BRIAN H. GUNN
    KIMBERLY A. PAESE
**Attorneys for Defendant**
PNC BANK, NATIONAL ASSOCIATION, AS SUCCESSOR BY MERGER TO NATIONAL CITY BANK, PREVIOUSLY DOING BUSINESS AS 'NATIONAL CITY MORTGAGE' (NAMED AS "NATIONAL CITY MORTGAGE" AND "NATIONAL CITY BANK")

DATED: June , 2012      LOUIS WHITE

By: /s/ Michael Maloney
    MICHAEL MALONEY
**Attorneys for Plaintiff**
WILLIAM ALLEN SMITH

1  Brian H. Gunn (SBN 192594)
   Kimberly A. Paese (SBN 258594)
2  *kapaese@wolfewyman.com*
   WOLFE & WYMAN LLP
3  2175 N. California Blvd., Suite 645
   Walnut Creek, California 94596-3502
4  Telephone: (925) 280-0004
   Facsimile: (925) 280-0005
5
   Attorneys for Defendant
6  PNC BANK, NATIONAL ASSOCIATION, AS SUCCESSOR BY MERGER TO NATIONAL
   CITY BANK, PREVIOUSLY DOING BUSINESS AS 'NATIONAL CITY MORTGAGE'
7  (NAMED AS "NATIONAL CITY MORTGAGE" AND "NATIONAL CITY BANK")

8  Jamil L. White (Bar No. 244028)
   Michael D. Maloney (Bar No. 208297)
9  LOUIS | WHITE
   5600 H Street, Suite 100
10 Sacramento, California 95819
   Telephone:  (916) 594-7241
11 Facsimile:  (916) 594-7247

12 Attorneys for Plaintiff,
   WILLIAM ALLEN SMITH
13

14                UNITED STATES DISTRICT COURT

15       EASTERN DISTRICT OF CALIFORNIA - SACRAMENTO DIVISION

| 16 | WILLIAM ALLEN SMITH, an individual, | Case No.: 2:10-cv-00359-JAM-JFM |
|---|---|---|
| 17 | Plaintiff, | Honorable John A. Mendez |
| 18 | v. | **[PROPOSED] ORDER RE JOINT STIPULATION RE HEARING ON MOTION BY PNC BANK, N.A. TO PRECLUDE EXPERT WITNESS TESTIMONY OF PLAINTIFF** |
| 19 | NATIONAL CITY MORTGAGE, a business entity; UNITED LENDERS GROUP, a business entity, JEFF MOORE, an individual; KONDAUR CAPITAL CORP., a business entity and DOES 1 through 100, inclusive, | |
| 20 | | |
| 21 | | *[Filed Concurrently with Joint Stipulation re Hearing on Motion by PNC Bank, N.A. to Preclude Expert Witness Testimony of Plaintiff]* |
| 22 | Defendants. | |

23
24
25
26
27
28

[PROPOSED] ORDER RE [PROPOSED] ORDER RE JOINT STIPULATION RE HEARING ON MOTION BY PNC BANK, N.A. TO PRECLUDE EXPERT WITNESS TESTIMONY OF PLAINTIFF

1094439.1

Upon the stipulation of the parties, and good cause appearing, the Court ORDERS as follows:

The motion filed by defendant PNC BANK, NATIONAL ASSOCIATION, as successor by merger to National City Bank (previously doing business as "National City Mortgage") to preclude expert testimony on behalf of Plaintiff WILLIAM ALLEN SMITH pursuant to Federal Rule of Civil Procedure 37(c)(1) may be heard on July 5, 2012 at 11:00 a.m. before the Honorable John F. Moulds (hereinafter, "Subject Motion"). The Parties are permitted, and hereby ordered, to file a joint statement disagreement pursuant to Rule 251 of the Local Rules of the United States District Court for the Eastern District of California relative to the Subject Motion, within five (5) days from the date of the entry of this order.

IT IS SO ORDERED.

DATED: 6-18-2012

_____
HONORABLE JOHN A. MENDEZ
UNITED STATES DISTRICT COURT JUDGE