1

2

3

4

5

6

7

8                      IN THE UNITED STATES DISTRICT COURT

9                     FOR THE EASTERN DISTRICT OF CALIFORNIA

10   WILLIAM A. SMITH,

11           Plaintiff,                        No. 2:10-cv-0359-JAM-JFM

12       vs.

13   NAT'L CITY MORTGAGE, *et al.*,

14           Defendants.                       ORDER

15   _____/

16           On July 12, 2012, the court held a hearing on defendant's motion to preclude

17   expert testimony.  Michael Maloney appeared for plaintiff.  Kimberly Paese appeared for

18   defendant.  On review of the motion, following discussion of counsel and good cause appearing

19   therefor, THE COURT FINDS AS FOLLOWS:

20                      RELEVANT PROCEDURAL BACKGROUND

21           On June 30, 2011, the Honorable John A. Mendez issued a scheduling order

22   setting April 13, 2012 as the deadline by which to make initial expert disclosures, and April 27,

23   2012 for supplemental expert disclosures.  Doc. No. 49.  On April 16, 2012, Judge Mendez

24   signed the parties' stipulation extending the initial expert deadline to May 14, 2012 and the

25   supplemental disclosures deadline to May 28, 2012.  Doc. No. 59.  Discovery concluded on June

26   8, 2012, and trial is scheduled to commence on November 5, 2012.

1          On May 10, 2012, and in compliance with the stipulated expert discovery

2   deadlines, plaintiff served on defendant a document entitled "Plaintiff's Disclosure of Expert

3   Witnesses" ("Plaintiff's Disclosure Document").  This document listed three individuals as

4   experts – Doug Minor, David Pereira and Jessica Dutra – and provided only their names and

5   addresses.

6          Plaintiff also served a declaration of counsel entitled "Declaration of Michael D.

7   Maloney in support of Plaintiff's Disclosure of Expert Witnesses" ("the Supporting

8   Declaration").  The Supporting Declaration also set forth three intended expert witnesses: Doug

9   Minor, David Pereira and Barry Cleverdon.  Cleverdon, however, was not listed in Plaintiff's

10  Disclosure Document.  Jessica Dutra, who was listed in Plaintiff's Disclosure Document, was

11  not listed in the Supporting Declaration.  Also, the Supporting Declaration included the CV for

12  Pereira and Cleverdon as exhibits, but no documents for Doug Minor.  Finally, plaintiff failed to

13  submit expert reports for any of the intended expert witnesses.

14         On May 24, 2012, defense counsel contacted plaintiff's counsel to discuss

15  plaintiff's failure to provide expert reports pursuant to Federal Rule of Civil Procedure

16  26(a)(2)(B).  Counsel for plaintiff acknowledged his error and said the expert reports would be

17  forthcoming.  Plaintiff submitted an expert report on June 21, 2012.  Doc. No. 75.

18                                    DISCUSSION

19  A.     The Parties' Positions

20         1.     Defendant

21         Defendant brings this motion on two grounds: plaintiff created confusion as to

22  which individuals he intends to call as experts and plaintiff failed to submit expert reports in

23  violation of Federal Rule of Civil Procedure 26(a)(2)(b).  Defendant asserts it has been

24  prejudiced because it has been unable to (a) determine the identity of the proffered experts with

25  any certainty; (b) ascertain the opinions the proffered will offer at trial or what they base the

26  same upon; (c) evaluate the need for rebuttal experts and/or seek and retain them (let alone do so

1  by the supplemental deadline); (d) depose the proffered experts (and/or do so before the close of

2  discovery); (e) prepare any dispositive motion by the deadline[1]; (f) prepare for trial; and/or (g)

3  evaluate early settlement potential.  Defendant also cites to Judge Mendez's scheduling order,

4  which provides that the "[f]ailure of a party to comply with the disclosure schedule as set forth

5  above in all likelihood will preclude that party from calling the expert witness at the time of trial

6  absent a showing that the necessity for the witness could nto have been reasonably anticipated at

7  the time the disclosures were ordered and that the failure to make timely disclosure did not

8  prejudice any other party."  Doc. No. 46.

9          2.      Plaintiff

10         In the Joint Discovery Statement, plaintiff admits his error.  He also withdraws

11  Barry Cleverdon and Jessica Dutra as experts, leaving David Pereira and Doug Minor.  In an

12  Opposition filed after the Joint Discovery Statement was filed[2], plaintiff's counsel claims any

13  error regarding expert discovery is his and requests that his client not be punished for his error.

14  Counsel asserts that he is primarily a state court attorney, and his initial expert filings complied

15  with state rules of civil procedure, not the federal rules of civil procedure.  Plaintiff also

16  withdraws Doug Minor as an expert, leaving only David Pereira as an expert.  Finally, plaintiff

17  submits Pereira's expert report with his Opposition.

18         Plaintiff argues against granting defendant's motion on the grounds that: (a)

19  defendant will not be prejudiced because trial is four months from the date of the hearing on this

20  motion; (b) Pereira's testimony is critical to plaintiff's case; and (c) plaintiff has now provided

21  Pereira's expert report.

22

23         [1]  The court notes that defendant filed a motion for summary judgment on July 11, 2012.
    Doc. No. 79.
24

25         [2]  Defendant objects to any arguments raised in and documents attached to this
    Opposition.  Since a joint discovery statement had already been filed, defendant urges the court
    to strike this Opposition as being in violation of Local Rule 251, which requires discovery
26  motions to be briefed by way of a joint discovery statement.

1   B.     Analysis

2           Under Fed. R. Civ. P. 26(a)(2), a party must disclose and provide reports for "any

3   person who may be used at trial to present" expert testimony.  Federal Rule of Civil Procedure

4   37(c)(1) prescribes "[a] party that without substantial justification fails to disclose information

5   required by Rule 26(a) ... is not, unless such failure is harmless, permitted to use as evidence at a

6   trial ... information not so disclosed."

7           "Rule 37 (c)(1) gives teeth to [the Rule 26(a)(2)(B) disclosure] requirements by

8   forbidding the use at trial of any information required to be disclosed by Rule 26(a) that is not

9   properly disclosed." Yeti by Molly v. Deckers Outdoor Corp., 259 F.3d 1101, 1106 (9th Cir.

10  2001). "Two express exceptions ameliorate the harshness of Rule 37(c)(1): The information may

11  be introduced if the parties' failure to disclose the required information is substantially justified

12  or harmless." Id.  "Implicit in Rule 37(c)(1) is that the burden is on the party facing sanctions to

13  prove harmlessness." Id. at 1106-07.

14          Here, it is evident that plaintiff violated Rule 26(a)(2) by failing to include an

15  expert report with either Plaintiff's Disclosure Document or the Supporting Declaration.

16  Counsel's unfamiliarity with the federal rules of civil procedure does not qualify as substantial

17  justification to warrant an exception to Rule 26(a)(2)(B).  Thus, the only available relief for

18  plaintiff is if his error is harmless.  Plaintiff argues there is no harm because trial is four months

19  away and he has now provided Pereira's report.  However, the prejudice to defendant is

20  indisputable: the discovery deadline has passed, the date to file dispositive motions has passed,

21  defendant has been unable to depose plaintiff's expert, and defendant has not had an opportunity

22  to evaluate the need for and/or retain rebuttal experts.

23          Furthermore, although plaintiff has now provided the expert report, it is over one

24  month late. See Quevedo v. Trans-Pac. Shipping, Inc., 143 F.3d 1255, 1258 (9th Cir. 1998)

25  (refusing to consider expert's report because it was filed one-and-a-half months late and plaintiff

26  could have asked for an extension of time).

1          Accordingly, IT IS HEREBY ORDERED that:

2          1.  Defendant's request to strike is denied; and

3          2.  Defendant's motion to preclude expert testimony is granted.

4  DATED: July 17, 2012.

5

6                                   UNITED STATES MAGISTRATE JUDGE

7

8  /014;smit0359.expert